TRINA A. HIGGINS, United States Attorney (7349)
RUTH HACKFORD-PEER, Assistant United States Attorney (15049)
MELINA SHIRALDI, Assistant United States Attorney (13110)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
travis.elder@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>$1,000,000 in U.S. Currency,<br><br>　　　　　　Defendants in Rem. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***<br><br>Case No.<br><br>Judge |

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $1,000,000 in U.S. Currency (Defendant Property).

### NATURE OF THE ACTION

1.　This is a judicial action for the forfeiture of the Defendant Property, which is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, that constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641.

### JURISDICTION AND VENUE

2.　This Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction under 28 U.S.C. §§ 1355(d).

3.　Venue is proper under 28 U.S.C. § 1355(b) because some of the acts or omissions

giving rise to the forfeiture occurred in the District of Utah.

## PARTIES

4. Plaintiff is the United States of America.

5. The Defendant Property is $1,000,000 in U.S. currency voluntarily turned over to the United States by Jordan Willing.

6. The Defendant Property is in the custody of the United States in the District of Utah.

7. Persons or entities who reasonably appear to be a potential claimant to the Defendant Property on the facts known to the government include Jordan Willing.

## FACTS

**A. Indictment of Jordan Willing and Acquisition of the Defendant Property**

8. On September 27, 2023, the United States unsealed an indictment charging four individuals, including Jordan Willing, with, in sum and substance, the collection, international shipment, and sale of fossils allegedly collected from federal land, in violation of, among other statutes, Title 18, United States Code, Section 641. That Indictment, *United States v. Wade*, et. al, is filed in the District of Utah under docket number 4:23-cr-00077-DN, and the allegations of that indictment are incorporated as if realleged herein.

9. On June 14, 2024, Jordan Willing entered an agreement with the United States to dismiss the Indictment and all charges against him. Although Jordan Willing contests, among other things, his knowing participation in the alleged offenses described in that Indictment, pursuant to the agreement with the United States, Jordan Willing agreed to pay $1,000,000 to the United States as a substitute *res* representing proceeds of a violation of Title 18, United States

Code, Section 641, and has agreed not to contest the forfeitability or cause others to contest the forfeitability of those funds in this civil forfeiture action.

10. Pursuant and subject to the agreement between Jordan Willing and the United States, on June 14, 2024, Jordan Willing transferred the Defendant Property to the United States as a substitute *res* for proceeds of an alleged violation of Title 18, United States Code, Section 641, relating to the sale, without lawful authority, of fossils obtained in part from federal land by others and sold in part to Jordan Willing. Jordan Willing consents to, and will not contest or cause others to contest, that the Defendant Funds are subject to civil forfeiture as alleged herein.

**B. BLM's Estimated Loss**

11. Based on analysis of the approximately 17,354 pounds of alleged dinosaur bone described in the Indictment's allegations relating to the December 2022 Shipment (as defined in the Indictment at paragraph 27(n)), BLM determined that the December 2022 Shipment and other shipments allegedly involved in this matter included a mixture of non-fossilized rocks, some educational quality bone, and some specimen quality fossilized bone. BLM suffered a loss of approximately $4 per pound for the educational quality bone and approximately $1,000 per pound for the specimen quality bone.

12. BLM estimates that it suffered the following approximate commercial loss related to the approximate 81,500 pounds of dinosaur bone purchased from Vint and Donna Wade and shipped to China between 2019 and 2021, as alleged in the Indictment:

| Dinosaur Bone Quality | Amount |
|---|---|
| 79,055 pounds of educational | $316,220 |
| 2,445 pounds of specimen | $2,445,000 |
| **BLM's total loss** | **$2,761,220** |

14. In addition to the commercial value, BLM estimates it will have additional losses exceeding $1,000,000 related to the scientific value and response, restoration, and repair even if BLM is successful in recovering some or all the dinosaur bone.

### FIRST CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(C)
(Theft of Government Property)

15. The United States incorporates by reference herein all allegations previously made.

16. Under 18 U.S.C. § 981(a)(l)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States.

17. Under 18 U.S.C. §§ 1956(c)(7)(D), a violation of 18 U.S.C. § 641 is a specified unlawful activity.

18. Title 18, United States Code, Section 641, provides in relevant part that:

Whoever … without authority … conveys or disposes of any … thing of value of the United States or of any department or agency thereof . . .

Shall be fined under this title or imprisoned not more than ten years, or both.

19. As described above, the Defendant Property was involved in one or more violations of 18 U.S.C. § 641, or a conspiracy to do so.

20. Therefore, the Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C).

### REQUEST FOR RELIEF

WHEREFORE, the United States respectfully asserts that the Defendant Property is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C).

Consequently, the United States requests:

A. That notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

B. That a Judgment of Forfeiture be decreed against the Defendant Property forfeiting all right, title, and interest in it to the United States;

C. That upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or other responsible federal agency and their delegates be able to dispose of the Defendant Property according to law; and

Dated this 13th day of June, 2024.

        TRINA A. HIGGINS
        United States Attorney


        */s/ Travis K. Elder*
        Travis K. Elder
        Assistant United States Attorney

## VERIFICATION

I am a Special Agent with the Bureau of Land Management, and declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture *In Rem*, and that the facts contained therein are based upon my personal knowledge or upon information I obtained in the course of my investigation and are true and correct to the best of my knowledge and belief.

Executed on this 13th day of June, 2024.

PETER MAGGIO
Digitally signed by PETER MAGGIO
Date: 2024.06.13 16:20:38 -07'00'
_____
Peter Maggio
Special Agent, BLM